Charles Warner *et al. d.b.a.* Warner-Budds Agency of Hartford *vs.* Puritan Life Insurance Company.

APRIL 10, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Paolino, J. This is an action of assumpsit to recover commissions on the sale of policies of insurance. The case is before this court on the plaintiffs' bill of exceptions to the decision of the superior court overruling their demurrer to the defendant's pleas in bar to the declaration.

The following pertinent facts appear from the pleadings. By a general agent's contract dated August 1, 1955, defendant appointed plaintiffs as its general agents in the state of Connecticut for the sale of its policies of insurance. Under the contract it authorized plaintiffs to appoint subagents and agreed to pay plaintiffs a commission according to schedules of commissions contained in the contract. The schedules provide for the payment of commissions based upon a certain percentage of the premiums actually received by defendant each year during the first four years of each policy sold by plaintiffs or their subagents.

The plaintiffs allege that pursuant to the contract they appointed numerous subagents and that they and the sub-

agents sold numerous policies of insurance until February 21, 1958, when defendant terminated the contract. They concede that the contract was terminated under the 30-day notice clause in paragraph 16 (a) of the contract. The declaration, which is in four counts, alleges in substance that plaintiffs are entitled to commissions on policies which had been sold by them and their subagents and which were outstanding at the time of the termination of the contract.

The defendant pleaded the general issue and two pleas in bar. The pleas in bar allege that plaintiffs are not entitled to commissions based on premiums which were paid, or on policies dated subsequent to the termination of the contract on February 21, 1958. The defendant bases the pleas in bar on the provisions of paragraph 16 (b) of the contract which read as follows:

> "If this Agreement is terminated for any reason, then there shall be payable to the General Agent, his heirs, successors or assigns, commissions and renewal commissions as provided in the General Agent's Agents Contract on business personally solicited and produced by him as an Agent, and upon such termination, no further commissions, renewal commissions, or service fees shall thereafter accrue or be payable under this Agreement. The provisions of the General Agent's Agents Contract shall control with respect to all rights to compensation of whatsoever nature after the termination of this Agreement and shall apply to business written by the General Agent as an Agent even though he be a General Agent of the Company when such business was solicited and written by him."

Both pleas in bar further allege that there was no "General Agent's Agents Contract," as referred to in paragraph 16 (b), between defendant and plaintiffs.

The plaintiffs demurred to the pleas in bar on the ground that paragraph 16 (b) did not bar their cause of action. After a hearing thereon the superior court overruled the demurrer. The plaintiffs contend that the superior court erred. They argue that under the terms of the contract

between the parties and under the law they are entitled to commissions on premiums paid and on policies dated both prior to and subsequent to the termination of the contract.

The declaration is based on the "General Agent's Contract." Under the pleadings there is no "General Agent's Agents Contract" which has any application in this case.

The narrow question raised on this appeal is whether, under the terms of the "General Agent's Contract," the plaintiffs are entitled to commissions on premiums paid and on policies issued after the termination of such contract.

As we have previously stated, plaintiffs admit that the contract was terminated under the 30-day notice clause in paragraph 16 (a) which reads as follows: "This Agreement may be terminated by either party hereto on thirty (30) days written notice to other party's last known address."

The plaintiffs do not dispute defendant's right under such clause to terminate the contract at will, but they strongly contend that the provisions of paragraph 16 (b) do not apply to a termination under the clause in question. They argue that paragraph 16 (b) applies only if there is a termination under some of the other provisions of paragraph 16 (a) and they also claim that a reading of the entire contract clearly shows that the parties did not intend that paragraph 16 (b) should apply to a termination under the 30-day notice clause.

In view of the clear language of paragraph 16, there is no merit in plaintiffs' contentions. Paragraph 16 is entitled "Termination And Right To Commissions Thereafter." Paragraph 16 (a) sets forth the circumstances in which the contract may be terminated. The right of either party under the first clause thereof to terminate the contract on 30 days' notice is not disputed.

The right to commissions after termination is set forth in paragraph 16 (b), which provides that if the contract is terminated for any reason there shall be payable to the general agent "commissions and renewal commissions as

provided in the General Agent's Agents Contract on business personally solicited and produced by him as an Agent, and upon such termination, no further commissions, renewal commissions, or service fees shall thereafter accrue or be payable under this Agreement." Paragraph 16 (b) provides further that "The provisions of the General Agent's Agents Contract shall control with respect to all rights to compensation of whatsoever nature after the termination of this Agreement and shall apply to business written by the General Agent as an Agent even though he be a General Agent of the Company when such business was solicited and written by him."

There is nothing in the language of paragraphs 16 (a) and (b), or of any other provision of the contract, from which it can reasonably be inferred that the parties did not intend to have paragraph 16 (b) apply to the first clause of paragraph 16 (a). In our opinion the parties clearly intended that paragraph 16 (b) should apply whenever there was a termination under any provision of paragraph 16 (a). This conclusion is supported by the provisions of paragraph 16 (b) as amended, which read in part as follows:

"If this Agreement is terminated by death of the General Agent or because the General Agent became totally and permanently disabled (in the opinion of the Company) while this Agreement was in force, there shall be payable to the General Agent, his executors, administrators or assigns the commissions described in Paragraph 3(a) to which the General Agent would have been entitled as General Agent under this Agreement had it remained in force. Except as provided in the preceding sentence, no further commissions, renewal commissions or service fees shall accrue or become payable under this Agreement after it has been terminated."

We have read the cases cited by the plaintiffs and find that they are not factually in point. In view of the clear language of the contract in the instant case, the plaintiffs'

contention that they acquired a vested right to such commissions is without merit. See 4 Couch on Insurance (2d ed. 1960), §26:400, p. 371; §26:403, pp. 376-378.

In our opinion the trial justice did not err in overruling the plaintiffs' demurrer.

All of the plaintiffs' exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Joseph A. Kelly,* for plaintiffs.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for defendant.